IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER BRINSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06-CV-872-MEF |
| | )                            [WO] |
| | ) |
| GINA SAVAGE, et al., | ) |
| | ) |
|     Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Alexander Brinson ["Brinson"], a state inmate presently confined at the Montgomery County Detention Facility. Brinson challenges the Montgomery County Circuit Court's failure to grant him bail pending sentencing on and appeal of convictions on September 25, 2006, for nine counts of destruction of state property by a prisoner. He concedes that he has failed to exhaust state remedies with respect to this claim but argues that it would be futile to exhaust such remedies because his sentencing is scheduled for October 27, 2006.

**DISCUSSION**

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(b)(1)(A).

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The habeas petition demonstrates that Brinson has not yet exhausted his available state court remedies as he may appeal the adverse decision on bail to the state's appellate courts.

Brinson fails to establish that presentation of his claim to the state courts would be ineffectual so as to meet "the narrow exception for futility" of exhaustion. *Howard v. Davis*, 815 F.2d 1429, 1430 (11th Cir. 1987). Thus, this court does not deem it appropriate to rule on the merits of Brinson's claim for relief without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, a stay of this case is not warranted pending the outcome of Brinson's state court proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that on or before October 16, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of October, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE